UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RDW CAPITAL, INC.,
                    Plaintiff,

-v-

BE INDUSTRIES, INC., *et al.*,
                    Defendants.

17-CV-7195 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

On September 21, 2017, Plaintiff RDW Capital, Inc. ("RDW") filed this action alleging breach of contract, fraud in the inducement, fraudulent misrepresentation, and unjust enrichment brought pursuant to this Court's diversity jurisdiction against Defendants BE Industries, Inc., NAC Drive Systems, Inc. ("NACD"), Swiss Heights Engineering, S.A. ("Swiss Heights"), BE North America, Corp. ("BE North America"), Bellelli USA, LLC ("Bellelli USA"), Bellelli Engineering, S.P.A. ("Bellelli Engineering"), Antonio Monesi, and Filippo Puglisi. (Dkt. No. 1 ("Compl.").) Defendants have not answered the complaint or otherwise appeared in this action. Defendant Bellelli Engineering is in an active bankruptcy in Italy. (Dkt. No. 75 ¶ 10.) And Defendant Swiss Heights has been dissolved. (Dkt. No. 75 ¶ 11.) A certificate of default has been issued as to all other Defendants. (Dkt. Nos. 36–38, 45, 50, 67.) Plaintiff now moves for default judgment under Federal Rule of Civil Procedure 55(b) against the other six defendants. (Dkt. No. 72.) For the reasons that follow, the motion is granted.

I.  **Background**

For the purposes of deciding this motion, this Court accepts as true all factual allegations in RDW's complaint. *See Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam).

1

On November 4, 2016, RDW entered into a Securities Purchase Agreement with NAC Global Technologies, Inc. ("NAC Global") (now known as Defendant BE Industries, Inc.) and Defendant NACD. (Compl. ¶ 17.) In the agreement, RDW committed to the purchase of a little over 1.5 million shares of NAC Global in exchange for $1.5 million. (*Id.*)

Twelve days later, on November 16, 2016, RDW entered into a Security and Pledge Agreement with all corporate defendants whereby RDW was provided with a secured interest in all property owned and controlled by each corporate defendant. (Compl. ¶ 18.) On the same day, Defendants NACD, Bellelli Engineering, Bellelli USA, and BE North America entered into a Subsidiary Guarantee Agreement, pursuant to which each Defendant agreed to be liable to RDW for any breach of the Securities Purchase Agreement and related transaction agreements. (Compl. ¶ 19.) RDW further entered into a Validity and Performance Guarantee with Defendant Antonio Monesi in which he agreed to be personally liable for any breach of the Securities Purchase Agreement and related transaction agreements up to $1.5 million. (Compl. ¶ 20.) RDW also entered a similar Validity and Performance Guarantee with Defendant Filippo Puglisi. (Compl. ¶ 21.)

RDW also entered into two separate collateral assignment contracts. On November 16, 2016, RDW entered into a Collateral Assignment of Receivables with NAC Global and its subsidiaries NACD, Bellelli USA, and BE North America (the "U.S. Collateral Assignment"). In that agreement, the parties assigned all rights to their receivables as collateral for all debts, liabilities, and obligations existing under the Securities Purchase Agreement, until all of their payment obligations had been paid in full. (Compl. ¶ 22.) On November 16, 2017, RDW entered into a similar Collateral Assignment of Receivables with Swiss Heights and Bellelli Engineering (the "Foreign Collateral Assignment").

2

Finally, on December 9, 2016, NAC Global filed a Certification of Designations, Preferences and Rights of the Series A Convertible Preferred Stock of NAC Global Technologies ("Certification of Designations") with the Nevada Secretary of State. (Compl. ¶ 24.) The Certificate of Designations provided, in relevant part, that NAC Global would make monthly payments of $150,000 to RDW beginning on May 16, 2017, until RDW's investment was repaid in full. (*Id.*)

RDW alleges that Defendants breached the Securities Purchase Agreement by (1) failing to complete an audit of Swiss Heights and (2) failing to file a registration statement and have it declared effected by the SEC. (Compl. ¶ 26.) Defendants further allegedly breached the Certification of Designations by failing to pay RDW the first mandatory redemption installment payment of $150,000 by May 16, 2017, or make any required payments thereafter. (*Id.*) RDW has complied with its obligations under all agreements and has not received any return on its investment. (Compl. ¶¶ 27–28.)

Further, Defendants made allegedly "false and misleading statements" when contacted by RDW regarding Defendants' nonpayment. (Compl. ¶ 29.) Defendants have "contend[ed] they are receiving additional financing," and have "tout[ed] non-existent contracts to demonstrate they are receiving new revenue and are a solvent company." (*Id.*) RDW alleges that these statements were "false" and "made for the sole purpose" of delaying RDW from enforcing the default provision of the agreements at issue here. (Compl. ¶ 30.)

On September 21, 2017, RDW filed this action to recoup its investment pursuant to the various agreements. (*See* Compl.)

## II.    Legal Standard

When a defendant "has failed to plead or otherwise defend" a lawsuit, that defendant is in default and is deemed, for the purposes of liability, to have admitted all well-pleaded allegations

3

in the complaint. *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014) (quoting Fed. R. Civ. P. 55(a)). At that point, the plaintiff is entitled to default judgment if the complaint's allegations "establish [the defendant's] liability as a matter of law." *Id.* (alteration in original) (quoting *Finkel v. Romanowicz,* 577 F.3d 79, 84 (2d Cir. 2009)).

In contrast to the facts supporting liability, however, "the amount of damages" alleged in the complaint is "not deemed true" in the event of a default. *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003) (quoting *Credit Lyonnais Sec. (USA) v. Alcantara*, 183 F.3d 151, 152 (2d Cir. 1999)). Rather, after a court has determined that entry of default judgment against a defendant on a particular claim is appropriate, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty" by "determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* (quoting *Credit Lyonnais,* 183 F.3d at 152).

## III. Discussion

RDW has asserted breach of contract, fraud in the inducement, fraudulent misrepresentation, and unjust enrichment claims against Defendants in this action. (Compl. ¶¶ 31–53.)[1] This Court has diversity jurisdiction over those claims under 28 U.S.C. § 1332, as there exists complete diversity between the parties (*see* Dkt. No. 74 ¶¶ 2–8), and the amount in controversy exceeds $75,000 (*see* Compl. ¶ 32). And this Court has personal jurisdiction over Defendants in connection with RDW's claims by virtue of a contractual clause in the Securities Purchase Agreement in which they agreed that "all legal proceedings [concerning all contracts at

---

[1] In its motion for default judgment, RDW seeks damages "solely based upon its initial investment." (Dkt. No. 73 at 9.) Because these damages are fully encompassed by RDW's breach of contract claim, its other causes of actions will not be addressed here.

issue] shall be commenced exclusively in the state and federal courts sitting in the City of New York." (Dkt. No. 74-8 at 39.)

Under New York law, which governs the agreements at issue here (*see id*.), the elements of a breach of contract claim are "(i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Johnson v. Nextel Commc'ns, Inc.,* 660 F.3d 131, 142 (2d Cir. 2011).

RDW has plainly alleged the existence of the various contracts at issue here. (*See* Compl. ¶¶ 17–24.) Further, it has alleged performance under the contract. (Compl. ¶ 27.) RDW properly alleged that Defendants breached these agreements by (1) failing to complete an audit of Swiss Heights and (2) failing to file a registration statement and have it declared effected by the SEC. (Compl. ¶ 26.) RDW alleges that Defendants further breached the Certification of Designations by failing to pay RDW the first mandatory redemption installment payment of $150,000 by May 16, 2017, or make any required payments thereafter. (*Id.*) It has also sufficiently alleged that each defendant is liable for the breach by virtue of the Subsidiary Guarantee Agreement and the Validity and Performance Guarantees. (Compl. ¶¶ 19–20.)

That leaves the question of damages. Even if a court concludes that a plaintiff has established the fact of a defaulting defendant's liability, that court "must 'conduct an inquiry to ascertain the amount of damages with reasonable certainty.'" *Andrews v. 27 Red Music Publ'g, LLC,* No. 15 Civ. 7544, 2019 WL 199893, at *5 (S.D.N.Y. Jan. 15, 2019) (quoting *Credit Lyonnais*, 183 F.3d at 155). Although this inquiry often calls for a hearing or additional briefing, these steps are "not necessary 'as long as [the Court] ensure[s] that there was a basis for the damages specified in the default judgment.'" *Friedman v. Mission of the Gabonese Republic*, No. 17 Civ. 8142, 2018 WL 3094917, at *3 (S.D.N.Y. June 20, 2018) (alterations in original)

(quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).

Here, the Court can easily determine the measure of the RDW's damages without further inquiry. Under New York Law, "[d]amages for breach of contract should put the plaintiff in the same economic position he would have occupied had the breaching party performed the contract." *Process Am., Inc. v. Cynergy Holdings, LLC*, 839 F.3d 125, 143 (2d Cir. 2016) (citation omitted). Defendants had an obligation to pay RDW's $1,500,000 investment back in full. (*See* Compl. ¶ 24.) The motion for default judgment erroneously claims that RDW is seeking $1,520,000 in damages. (Dkt. No. 73 at 10.) However, this number appears to be a typographical error. RDW asserts that its asserted amount in damages is "solely based upon its initial investment." (Dkt. No. 73 at 9.) And while RDW asserts in its motion for default judgment that it "provided financing to Defendants in the amount of $1,520,000.00" (Dkt. No. 73 at 6), the complaint alleges, and it is clear on the face of the Securities Purchase Agreement, that financing in the amount of $1,500,000 was provided (Compl. ¶ 17; *see* Dkt. No. 74-8 at 7). Accordingly, this Court finds that RDW is entitled to $1,500,000 in damages.

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED.

Plaintiff is directed to either (1) file a status letter indicating how it proposes to move forward against Defendants Swiss Heights Engineering, S.A. and Bellilli Engineering, S.P.A., or (2) file a stipulation of voluntary dismissal against these defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on or before January 21, 2020.

The Clerk of Court is directed to close the motion at Docket Number 72, and to enter judgment in favor of Plaintiff in the amount of $1,500,000.00 against Defendants BE Industries,

Inc., NAC Drive Systems, Inc., BE North America, Corp., Bellilli USA LLC, Antonio Monesi, and Filippo Puglisi.

    SO ORDERED.

Dated: January 7, 2020
       New York, New York

                                             J. PAUL OETKEN
                                        United States District Judge