UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

RDW CAPITAL, INC.,
                                Plaintiff,

                -v-

BE INDUSTRIES, INC., et al.
                              Defendants.

17-CV-7195 (JPO)

OPINION AND ORDER

---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

      Defendant Antonio Monesi, who resides in Italy, moves to vacate the default judgment issued against him on June 19, 2019 as void for insufficient service of process and to dismiss the complaint for insufficient service under Federal Rule of Civil Procedure 12(b)(4) and (5). Plaintiff RDW Capital, Inc. ("RDW") opposes. For the reasons that follow, Monesi's motion is denied.

I.    **Background**

      RDW filed its complaint on September 21, 2017. (Dkt. No. 1.) After various attempts to serve Monesi in Italy, RDW filed a document on June 18, 2019 purporting to show that it served Monesi. (Dkt. No. 64.) The document indicates that RDW delivered the summons and complaint to the central authority of Italy on January 30, 2019, with the address line listing:

> Antonio Monesi
> C/O Vi Italia Srl (LLC)
> Piazza Del Duomo n. 20
> 20122 Milano
> Italy

(Dkt. No. 64 at 5.) On April 24, 2019, the court register from the Court of Milan returned documentation "proving that the foreign summons has been served to the aforementioned

recipient" on April 15, 2019. (Dkt. No. 64 at 1.) This Court entered a default judgment against Monesi on January 7, 2020. (Dkt. No. 77.)

On January 6, 2021, Monesi moved to vacate the default judgment, claiming he was improperly served and never received notice of the suit or received correspondence about it. (Dkt. Nos. 81, 81-1 ¶¶ 6–7.) Monesi claims that he has never resided in Milan, that he has no business there, and that he does not have any agent designated to accept service in Milan. He states that he is instead a resident of Rovigo, Italy. (Dkt. No. 81-1 ¶¶ 3, 5.) Monesi further states that he is not affiliated with the company at which he was served, VI Italia S.R.L., and that it has no reason to accept service on his behalf. (Dkt. No. 81-1 at 8.)

## II.     Legal Standards

Under Federal Rule of Civil Procedure 60(b), a court may vacate a judgment if, *inter alia*, such judgment is void or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6). "[A] default judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law." *Nature's First Inc. v. Nature's First L., Inc.*, 436 F. Supp. 2d 368, 372 (D. Conn. 2006) (citation omitted); *see also Copelco Capital, Inc. v. Gen. Consul of Bol.*, 940 F. Supp. 93, 94 (S.D.N.Y. 1996) ("A court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, 'which also means that he must have been effectively served with process.'") (quoting 10 Charles Alan Wright et al., Federal Practice and Procedure: Civil § 2682 (2d ed. 1983))).

A court has "no judicial discretion when considering a jurisdictional question such as the sufficiency of process," but "when confronted with equally reliable but conflicting accounts, courts should resolve any doubts in favor of the party seeking relief." *Am. Inst. Of Certified Pub. Accountants v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 375–76 (S.D.N.Y. 1998) (citing *Enron Oil*

*Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and *Sony Corp. v. Elm State Elec., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)). But "on a motion to vacate a default judgment based on improper service of process where the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005).

### III.  Discussion

"The Hague Convention of 1965 was intended 'to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time.'" *Burda*, 417 F.3d at 300 (citing the Hague Convention, Preamble). The Hague Convention also provides for alternate methods of service, including service through the Central Authority of member states. *Burda*, 417 F.3d at 300 (citing the Hague Convention, Arts. 5, 6, 8–10).

Here, RDW complied with the dictates of the Hague Convention.[1] Monesi's strongest argument is that he was not served at an address where he resides, leaving him without notice of the suit at hand. And "as the party challenging the validity of service of process on a motion to vacate a default judgment, [Monesi bears] the burden of proof to establish that the purported service did not comply with the statute." *Sartor v. Utica Taxi Ctr., Inc.*, 260 F. Supp. 2d 670, 677 (S.D.N.Y. 2003). Monesi has failed to do so: He provides no address or indication that he resided in Rovigo when service was attempted, and he offers no other reason why service was insufficient. RDW provides proof of service from another action in which Monesi was unable to be served at either of two Rovigo addresses on hand. (Dkt. No. 88-2 at 2.) There is no

---

[1] Monesi argues that RDW failed to comply with the Hague Convention because there is no indication that it translated the documents to Italian, as Italy requires. But the documents provided suggest that RDW did include translations, and in any event the Italian authorities clearly performed service.

3

indication that RDW did not comply with the statute, and it is unclear what more it could have been expected to do to serve Monesi. Service was proper, and vacatur is not warranted here.

## IV.      Conclusion

For the foregoing reasons, Monesi's motion to vacate the default judgment and to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(4) and (5) is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 81.

SO ORDERED.

Dated: July 26, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge